■  BRUNO TAMBORIN, Respondent, v. JOHN BORDI, Appellant. BRUNO TAMBORIN, Respondent, v. ANGELINA BORDI, Appellant.— Defendants, who are husband and wife, appeal from an order of Special Term which, on motion of plaintiff, consolidated the actions. Initially, plaintiff sued defendant husband for an alleged assault. Some 16 months later he commenced a second action against defendant wife on the claim that at the time of its commission, the husband was acting as her agent within the scope of his authority. Both actions arose out of the same event; each will require the same basic proof to establish the assault and injury; the Trial Term status of each is identical. The presence of the issue of vicarious liability in the action against the defendant wife will not prejudice any substantial right of defendants. Consolidation of the actions is appropriate and the discretion of Special Term was properly exercised. (Civ. Prac. Act, § 96.) Order unanimously affirmed, with $10 costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.

■  THE PEOPLE OF THE STATE OF NEW YORK ex rel. DONALD E. DE GROAT, Appellant, v. RAYMOND J. MINO et al., Respondents.— Defendant appeals from an order of the Supreme Court which denied his application for inspection of the minutes of the Grand Jury which indicted him, and also denied his application for an order requiring the District Attorney and the Justice of the Peace before whom he was arraigned to produce " the minutes, affidavits and information had " at a preliminary hearing. Defendant has been convicted after a jury trial of the crimes of first degree rape and second degree assault upon an indictment charging such offenses. Upon appeal to this court the conviction for rape was reversed and the conviction for assault in the second degree was affirmed. (5 A D 2d 1045.) The assault conviction was affirmed by the Court of Appeals. (5 N Y 2d 947.) The court at Special Term properly denied the applications as not timely. The indictment superseded any proceedings that were preliminary thereto, and a motion to inspect the Grand Jury minutes may not be granted after trial and conviction. Order unanimously affirmed. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.